**IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF MISSISSIPPI
JACKSON DIVISION**

**SHAWN JOHNSON**                                                                   **PLAINTIFF**

**V.**                                      **CIVIL ACTION NO. 3:09-cv-00734-CWR-LRA**

**KEITH BURNETT IN HIS INDIVIDUAL AND
OFFICIAL CAPACITY, JOHN DOES IN THEIR**            **DEFENDANTS**
**INDIVIDUAL AND OFFICIAL CAPACITIES,
AND HINDS COUNTY**

### ORDER GRANTING SUMMARY JUDGMENT

The above-styled cause is before the Court on defendant Keith Burnett's Motion for Summary Judgment [Docket No.19]. After reviewing the motion, the parties' memoranda regarding the same, and evidence relevant thereto within the record, the Court concludes that it is bound to grant the motion.

### FACTS

On October 21, 2009, Shawn Johnson filed suit under Title 42, Section 1983, of the United States Code in Hinds County Circuit Court alleging deprivations of constitutional rights. Specifically, Johnson complained that on December 15, 2006, a Hinds County sheriff's deputy illegally assaulted him outside a night club under color of law. Johnson named as defendants "Keith Doe in his individual and official capacity, John Does in their individual and official capacities and Hinds County Sheriff's Department." Complaint [Docket No. 2] at 1.

Hinds County removed the case to federal court on December 4, 2009. The Magistrate Judge presided over the Case Management Conference on February 23, 2010. At the conclusion of that hearing, the court entered the Case Management Order, which set a deadline of March 16, 2010, for the amendments of pleadings [Docket No. 6]. In accordance with the Case

Management Order, defendant Hinds County served its pre-discovery disclosures, and the parties initiated discovery.

Later, Johnson reported that he had discovered the identity of the sheriff's deputy that, according to Johnson, had been identified in the complaint as "Keith Doe." Therefore, Johnson moved the Court for leave to amend the complaint and to name Keith Burnett as a defendant [Docket No. 10], and on September 23, 2010, Magistrate Judge Linda Anderson granted Johnson's request. *See* Order [Docket No. 13]. Specifically, Judge Anderson wrote:

> Defendant Hinds County, as well as Officer Keith Burnett, have been aware that Officer Burnett was the "Keith Doe" named in the Complaint since the lawsuit was filed. They are not prejudiced by the delay in service of process as long as the deadlines are extended to allow Officer Burnett an opportunity to conduct separate discovery and Hinds County an opportunity to supplement its discovery or amend its expert designations. If the amendment is futile, as argued by Hinds County, then [the district judge] will consider any dispositive motions.

*Id.* at 1.

However, the evidence before the Court demonstrates that Burnett's identity was a matter of record prior to Johnson's request to the magistrate judge. Burnett's name appeared on several documents related to Johnson's arrest, each of which appears to have been created in December 2006, at or near the time of the altercation at this case's nexus. *See* Exhibit 1 to Defendant Hinds County's Reply in Opposition to Motion to Amend and Substitute Party [Docket No. 12-1] at 15 (Arrest Form), 21 (criminal case disposition), 22 (affidavit of *Keith Burnett*) (emphasis added), 23-24 (Hinds County Sheriff's Dept. Offense/Supplementary). They were provided to counsel for the plaintiff when Hinds County served its pre-discovery disclosures.

On October 19, 2010, Burnett moved the Court for summary judgment. Specifically, Burnett argued that the three-year limitations period for Section 1983 claims in Mississippi

2

expired prior to Johnson's amendment and that the amendment did not relate back to the date on which Johnson filed the original complaint.

## ANALYSIS

In Mississippi, the limitations period for a claim arising under Section 1983 is three years. *Cuvillier v. Taylor*, 503 F.3d 397, 401-02 (5th Cir. 2007). The event giving rise to Johnson's claim occurred on December 15, 2006, and he amended his complaint to name Burnett as a defendant on September 23, 2010 [Docket No. 14]. Undoubtedly, this filing fell beyond the three-year period prescribed by Mississippi law. Therefore, in order to escape dismissal, the amendment must find refuge under Rule 15(c) of the Federal Rules of Civil Procedure, which reads, in relevant part:

> (c) Relation Back of Amendments.
> (1) When an Amendment Relates Back.
> An amendment to a pleading relates back to the date of the original pleading when:
> . . .
> >  (B) the amendment asserts a claim or defense that arose out of the conduct, transaction, or occurrence set out – or attempted to be set out – in the original pleading; or
> >  (C) the amendment changes the party or the naming of the party against whom a claim is asserted, if Rule 15(c)(1)(B) is satisfied and if, within [120 days of the complaint's filing], the party to be brought in by amendment:
> > >  (i) received such notice of the action that it will not be prejudiced in defending on the merits; and
> > >  (ii) knew or should have known that the action would have been brought against it, but for a mistake concerning the proper party's identity.

Therefore, where the plaintiff wants to change the name of a party, in order to relate his amendment back to the date on which he filed his original complaint, three showings must be made: (1.) that the amended claim addresses the conduct, transaction, or occurrence set out (or attempted to be set out) in the original complaint, (2.) that Burnett received notice of the action

within 120 days of its institution in such a manner as not to be prejudiced by defending against its merits, and (3.) that Burnett knew or should have known that the action would have been brought against him, but for a *mistake* concerning his identity.

Under Fifth Circuit precedent, Johnson cannot satisfy the third requirement.

In *Jacobsen v. Osborne*, 133 F.3d 315 (5th Cir. 1998), the Fifth Circuit addressed for the first time the question of whether an amendment that substitutes a named party for a Doe defendant relates back under Rule 15(c). Ultimately, the *Jacobsen* Court held that such an amendment did not relate back because "for a 'John Doe' defendant, there was no 'mistake' in identifying the correct defendant; rather, the problem was not being able to identify the defendant." *Id.* at 321.

The *Jacobsen* Court rested its conclusion on Rule 15(c)'s requirement that the substituted party "knew or should have known that the action would have been brought against it, but for *a mistake* concerning the proper party's identity." Fed. R. Civ. P. 15(c)(1)(C)(ii) (emphasis added). Ultimately, the Fifth Circuit held that "the goals of relation-back . . . [are] to correct a *mistake* concerning the identity of a party." *Jacobsen*, 133 F.3d at 321 (emphasis included). However, "failing to identify individual defendants cannot be characterized as a mistake." *Id.* (*citing Barrow v. Wethersfield Police Dept.*, 66 F.3d 466, 470 (2nd Cir. 1995)).

The Fifth Circuit is not alone in this position.  In fact the circuits are nearly unanimous on this point.  The First, Second, Fourth, Sixth, Seventh, Tenth, and Eleventh Circuits all have reached identical answers to the question now facing this Court. *Wilson v. United States Gov't*, 23 F.3d 559, 563 (1st Cir. 1994); *Barrow v. Wethersfield Police Dept.*, 66 F.3d 466, 469 (2nd Cir. 1995); *Western Contracting Corp. v. Bechtel Corp.*, 885 F.2d 1196, 1201 (4th Cir. 1989);

*Cox v. Treadway*, 75 F.3d 230, 240 (6th Cir. 1996); *Worthington v. Wilson*, 8 F.3d 1253, 1256-57 (7th Cir. 1993); *Garrett v. Fleming*, 362 F.3d 692, 696-97 (10th Cir. 2004); *Wayne v. Jarvis*, 197 F.3d 1098, 1102-04 (11th Cir. 1999). *Accord*., *Rendall-Speranza v. Nassim*, 107 F.3d 913, 918 (D.C. Cir. 1997).

The Third Circuit Court of Appeals, however, separates itself from the majority view. That Court has observed the practical result is that excluding Doe defendants from Rule 15(c)'s "mistake" purview significantly shortens the statute of limitations for many of Section 1983 's most serious claims.

> Resolution of the question whether lack of knowledge can constitute a mistake is important in civil rights cases. For example, a person who was subjected to excessive force by police officers might not have seen the officers' name tags, and hence would likely need discovery to determine the names of his attackers, although he cannot get discovery until he files his §1983 complaint. If this person were prevented from having his complaint relate back when he sought to replace a "John Doe" or "Unknown Police Officers" in his complaint with the real names of his assailants, then he would have to file his complaint substantially before the running of the statute of limitations on his claim in order to avoid having his claim end up being barred. This would render the §1983 statute of limitations much shorter for this person than it would be for another complainant who knows his assailants' names.

*Singletary v. Pennsylvania Dept. of Corr.*, 266 F.3d 186, 190 (3rd Cir. 2001) (Becker, C.J.).

Indeed, it can be argued that any view contrary to that of the Third Circuit perversely incentivizes violators of constitutional rights to "beat harder." So long as the episode is sufficiently brutal to suppress any possibility that the victim will catch a stray view of a name tag or pick up on a hurriedly uttered name, the attacker greatly increases the odds that he, at least, will escape unscathed. Indeed, research from our own state reveals outcomes not far removed from this scenario. In *Vibrock v. Peerless Conveyor and Manufacturing Corporation*, 2009 WL 1663437 (N.D. Miss. 2009), the plaintiff readily admitted that he was unaware of the correct

defendant's identity until after his lawsuit's institution, and the energy with which he pursued that information struck the court as "reasonabl[y] diligen[t]." *Id.* at *1. Nevertheless, the Fifth Circuit's *Jacobsen* decision compelled the district judge to conclude that "a substitution for a fictitious party is not a mistake but a failure to identify the correct defendant." *Id.* at *2. The ironic result was the same as that now facing this Court: the punishment of a plaintiff whose attorneys prosecuted his case with "reasonable diligence" under a Rule that, instead, would have provided refuge for a pure, absent-minded mistake.

The Third Circuit criticizes the other courts of appeals on "[Rule 15(c)]'s 'mistake' requirement," noting that it "would seem to lead to seriously inequitable outcomes . . . ." *Id.* That concern, as demonstrated by the *Vibrock* decision, is not completely unfounded.[1]

Nevertheless, this Court is not at liberty to express that conclusion through its ultimate ruling on the motion at hand. Burnett argues that the *Jacobsen* decision is on point, and no room for reasonable disagreement exists.

For his part, Johnson disputes the relevance of the *Jacobsen* decision. According to Johnson, "the district court in *Jacobsen* did not allow an amendment to replace a 'John Doe' because the plaintiff was at fault for delaying the case. That does not hold true in the case *sub judice*." Plaintiff's Memo in Opposition [Docket No. 22] at 3.

---

[1] It must be noted, however, that other Courts have criticized the Third Circuit's view as one that ignores the intent of the drafters of Rule 15(c), as the Advisory Committee Notes to the 1991 Amendment "explain that the Rule was written to allow plaintiff to correct a formal defect such as a *misnomer* or *misidentification*." *Butler v. Robar Enter., Inc.*, 208 F.R.D. 621, 624 (E.D. Cal. 2002) (emphasis added). *See also Rendall-Speranza*, 107 F.3d at 918 (commentary to rules indicate that rule is generally intended to be a means for correcting the mistakes of plaintiffs suing official bodies where, for example, plaintiff sued a nonexistent agency or an official no longer be with a particular agency, so as to prevent a defendant from becoming the "beneficiary of a mere slip of the pen.").

But this account is not complete. The *Jacobsen* Court held unequivocally that an amendment in which a real defendant in interest was substituted for a Doe defendant did not relate back because "for a 'John Doe' defendant, there was no 'mistake' in identifying the correct defendant; rather, the problem was not being able to identify the defendant." *Jacobsen*, 133 F.3d at 321. The decision did not turn on the possibility of delay but rather on the lack of a true "mistake," which Rule 15(c)(1)(C)(ii) explicitly mentions.

Johnson argues that the matter at bar instead should be governed by the Fifth Circuit's decision in *Green v. Doe*, 260 Fed. Appx. 717 (5th Cir. 2007). In *Green*, a district court granted dismissal to a party who had been substituted beyond the statute of limitations in place of a Doe defendant, and the Fifth Circuit reversed. Unlike its decision in *Jacobsen*, the Fifth Circuit held that the plaintiff was indeed entitled to amend his complaint by substituting an actual party in interest for a Doe defendant beyond the period prescribed by the statute of limitations. But the *Green* Court held as it did not because the plaintiff was entitled to a standard relation back under Rule 15(c) but because, in the Fifth Circuit's view, an erroneous discovery ruling in district court entitled the defendant – a prisoner litigating the case *pro se* – to an equitable tolling of the statute of limitations. Indeed, the *Green* Court explicitly noted that its decision was not a product of Rule 15(c) at all. *Green*, 260 Fed. Appx. at 719. Rather, the Court reached its decision out of the recognition that "the delay in determining the identity of 'John Doe' is not attributable to Green." *Id.*

Cases in which the Fifth Circuit has applied Rule 15(c) through the lens of *Jacobsen* illustrate that the case at bar falls on the side of the distinction where lie those amendments that do not relate back. For example, in *SMS Financial, LLC v. ABCO Homes, Inc.*, 167 F.3d 235 (5th

Cir. 1999), the Court excused a mistake – and therefore allowed relation back – when an original pleading erroneously included a Roman numeral within an opponent party's name. *Id.* at 244. Similarly, in *Sanders-Burns v. City of Plano*, 594 F.3d 366 (5th Cir. 2010), the Fifth Circuit held that an amendment naming a sheriff in his individual capacity rather than his official capacity addressed a mere mistake and related back to the filing of the original complaint. *Id.* at 380.

In contrast, in *Murray v. Town of Mansura*, 76 Fed. Appx. 547 (5th Cir. 2003), an arrestee could not show that his Section 1983 complaint had failed to name several key local government figures out of mistake as to their identities, and the Court therefore did not allow an amendment to relate back. *Id.* at 550. Likewise, in *Miller v. Mancuso*, 388 Fed. Appx. 389 (5th Cir. 2010), an amendment did not relate back in a lawsuit seeking compensation for unlawful arrest when the plaintiff "knew the identities of the . . . unknown [defendants] long before he filed his initial complaint." *Id.* at 391.

Like the plaintiffs in *Murray* and *Miller*, Johnson's original complaint failed to name Burnett, even though Johnson had ready access to his alleged assailant's identity. When Johnson named a Doe defendant in Burnett's stead, in the view of the Fifth Circuit, he did so without preserving any right to amend later and relate back to the original complaint's filing. For that reason, the amendment of September 23, 2010, must be judged for purposes of the limitations period as having been filed beyond the time prescribed by the statute of limitations.

The harshness of this decision does not escape the Court, but fidelity to *Jacobsen* and Fifth Circuit precedent permits no other result. Therefore, Burnett's motion for summary judgment is granted.

SO ORDERED this Seventeenth day of March 2011,

/s/ *Carlton W. Reeves*
Hon. Carlton W. Reeves
United States District Court Judge