IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF MISSISSIPPI
JACKSON DIVISION

**SHAWN JOHNSON**                                                                                             **PLAINTIFF**

**V.**                                                  **CIVIL ACTION NO. 3:09-cv-00734-CWR-LRA**

**KEITH BURNETT IN HIS INDIVIDUAL AND**
**OFFICIAL CAPACITY, JOHN DOES IN THEIR**                        **DEFENDANTS**
**INDIVIDUAL AND OFFICIAL CAPACITIES,**
**AND HINDS COUNTY**

## ORDER GRANTING SUMMARY JUDGMENT

The above-styled cause is before the Court on Hinds County's Motion for Summary Judgment [Docket No.57]. The Court has reviewed that filing, the briefs relevant thereto submitted by both parties, and all available evidence, and has concluded that the motion must be granted.

## FACTS

Shawn Johnson brings the instant lawsuit alleging that on December 15, 2006, a Hinds County sheriff's deputy illegally assaulted him outside a night club under color of law. According to Johnson, he visited an establishment called The Spot but soon was escorted outside by someone wearing the uniform of a Hinds County sheriff's deputy. Once the pair exited the building, Johnson contends that he "was struck" by off-duty deputy Keith Burnett "and fell to the ground," after which Burnett kicked Johnson and "pushed [his] face into a hot vehicle." Eventually, Johnson claims, Burnett "put his foot on top of [Johnson's] head" and "placed [him] in handcuffs." Johnson also represents that he was "sprayed in the face with mace and/or 'pepper spray' before eventually being transported to the sheriff's office. Complaint [Docket No. 2] at 2.

In time, Johnson brought suit against Burnett and Hinds County in state court under Title

1

42, Section 1983 of the United States Code, alleging that "the Defendants . . . took actions to deprive [Johnson] of his due process rights under federal laws, equal protection rights under federal laws, and violated other of [Johnson's] civil rights under federal laws." Second Amended Complaint [Docket No. 14] at 3.

The case was removed to United States District Court for the Southern District of Mississippi by Hinds County on December 4, 2010 [Docket No. 1]. In time, the two defendants each moved for summary judgment – Burnett on October 19, 2010 [Docket No. 19] and Hinds County on January 6, 2011. The Court granted Burnett's motion on March 17, 2011 [Docket No. 68], leaving Hinds County as the sole remaining defendant.

## STANDARD OF REVIEW

Though motions for summary judgment are filed frequently, not every case is suited for such disposition. Summary judgment is appropriate only if "the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact and that the moving party is entitled to a judgment as a matter of law." Fed. R. Civ. P. 56(c). The Court must view the evidence in the light most favorable to the non-moving party. *Abarca v. Metro Transit Auth.*, 404 F.3d 938, 940 (5th Cir. 2005). When confronted with these motions, this Court focuses on "genuine" issues of "material" facts. An issue is genuine "if the evidence supporting its resolution in favor of the party opposing summary judgment, together with an inference in such party's favor that the evidence allows would be sufficient to support a verdict in favor of the party." *Zisman v. Mason*, 2008 WL 879726 at *3 (S.D. Miss. 2008) (*citing Amant v. Benoit*, 806 F.2d 1294, 1297 (5th Cir. 1987)). A fact is material if it is one which might affect the outcome of the suit under the

governing law. *Anderson v. Liberty Lobby*, 477 U.S. 242, 248 (1986). Factual disputes that are irrelevant or unnecessary will not be considered. *Id*.

When filing a motion for summary judgment, "the moving party is not required to negate the elements of the nonmoving party's case." *Lawrence v. Univ. of Texas Med. Branch at Galveston*, 163 F.3d 309, 311 (5th Cir. 1999). Moreover, the movant "need not prove a negative when it moves for summary judgment on an issue that the [respondent] must prove at trial. It need only point to an absence of proof on [the non-movant's] part." *Celotex v. Catrett*, 477 U.S. 317, 324 (1986).

Once the movant shows the court that it is entitled to judgment as a matter of law, the burden shifts to the resisting party to demonstrate that summary judgment is not proper. *Id*. As explained further by the Court in *Walker v. J.E. Merit Constructors, Inc.*, 707 F. Supp. 254 (S.D. Miss. 1988):

> The non-movant is then obligated to present competent evidence setting forth *specific* facts to illustrate the existence of a genuine issue of material fact for trial. . . . The resisting party may not create a genuine dispute simply by alleging that a dispute exists . . . . When a motion for summary judgment is made and supported as provided in this rule, an adverse party may not rest upon the mere allegations or denials of the adverse party's pleading, but the adverse party's response, by affidavits or as otherwise provided in this rule, must set forth *specific* facts showing that there is a genuine issue is for trial. . . .

*Id.* at 257 (citations omitted) (emphasis added).

Pointing to and setting forth these specific facts is the responsibility of the non-movant, and a court has no duty whatsoever to sift through the record in search of evidence to support a party's opposition to summary judgment. *Adams v. Travelers Indem. Co.*, 465 F.3d 156, 164 (5th Cir. 2006). *See also Fuentes v. Postmaster Gen. of U.S. Postal Serv.*, 282 F. Appx. 296, 300 (5th Cir. 2008) (*citing Ragas v. Tenn. Gas Pipeline Co.*, 136 F.3d 455, 458 (5th Cir. 1998)) (not only

must the non-movant point to specific facts, he must "articulate the precise manner in which that evidence supports h[is] claim")."'Conclusional allegations and denials, speculation, improbable inferences, unsubstantiated assertions, and legalistic argumentation do not adequately substitute for specific facts showing a genuine issue for trial.'" *Davis v. Louisville Mun. Sch. Dist.*, 2010 WL 290956, *2 (N.D. Miss. 2010) (*quoting Oliver v. Scott*, 276 F.3d 736, 744 (5th Cir. 2002)).

Additionally, "the court resolves factual controversies for purposes of summary judgment in favor of the nonmoving party, but only when there is an actual controversy, that is, when both parties have submitted evidence of contradictory facts." *Zisman,* 2008 WL 879726 at *3 (*citing Little v. Liquid Air Corp.*, 37 F.3d 1069, 1075 (5th Cir. 1994)). Where there is no proof of contradictory facts, the Court will not assume that the nonmoving party could or would prove the necessary facts. *Id.* (*citing Wallace v. Texas Tech. Univ.*, 80 F.3d 1042, 1048 (5th Cir. 1996)).

This Court is ever mindful that, although a useful device, summary judgment "must be employed cautiously because it is a final adjudication on the merits." *Jackson v. Cain*, 864 F.2d 1235, 1241 (5th Cir. 1989); *Hulsey v. State of Texas*, 929 F.2d 168, 170 (5th Cir. 1991). The jury has the responsibility to assess the probative value of the evidence. As a consequence, a court must stay its hand on the question of credibility, and it must not weigh evidence or draw from the facts legitimate inferences for the movant. *Strong v. Dept. of Army*, 414 F. Supp. 2d 625, 628 (S.D. Miss. 2005).

## ANALYSIS

Under Section 1983, municipalities cannot "be held liable unless action pursuant to official municipal policy of some nature caused a constitutional tort." *Monell v. Dept. of Soc. Serv. of City of New York*, 436 U.S. 658, 691 (1978). In other words, a municipality will not

suffer liability under Section 1983 pursuant to a traditional theory of *respondeat superior*. *Id.* However, a municipality that directly violates a constitutional right through "a policy statement, ordinance, regulation, or decision officially adopted and promulgated by that body's officers" can be held liable under Section 1983. *Id.* at 690.

In the case at bar, Johnson has provided an excerpt from the Hinds County Sheriff's Office Manual of General Orders which states that the policy of the office will be that "[a]ll subjects to be arrested shall be considered as potentially armed and dangerous." Exhibit B to Johnson's Response in Opposition [Docket No. 64-2] at 2. According to Johnson, "[t]his policy gives law enforcement free reign to exercise excessive force regardless of whether the force is objectively reasonable. The policy in and of itself is subjective, as it allows the officer freedom to use excessive force as a private citizen, regardless of whether they are, in fact, armed and dangerous." Johnson's Memo in Opposition [Docket No. 65] at 12-13.

This policy, Johnson contends, condoned an exercise of excessive force in violation of his constitutional right to due process. In support of his position, Johnson relies on the Fifth Circuit's decision in *United States v. Stokes*, 506 F.2d 771 (5th Cir. 1975), in which that Court held that "the constitutional right to due process of law includes not only the right to be tried in a court of law for alleged offenses against the state, but also a right not to be treated with unreasonable, unnecessary or unprovoked force by those charged by the state with the duty of keeping accused and convicted offenders in custody." *Id.* at 776.

But the inquiry before the Court is not merely whether a genuine issue of material fact exists on the question of whether the beating that Johnson alleges he suffered at Burnett's hands amounted to "unreasonable, unnecessary or unprovoked force," *id.*, in violation of the right to

due process. Because the defendant at issue is a municipality, Section 1983 liability can attach only if the evidence in the record, viewed in the light most favorable to Johnson's case, shows "a policymaker; an official policy; and a violation of constitutional rights whose moving force is the policy or custom." *Piotrowski v. City of Houston*, 237 F.3d 567, 578 (5th Cir. 2001).

The defense does not appear to dispute Johnson's contentions that Hinds County is a policymaker and that the provision memorialized by Exhibit B to Johnson's memorandum is an official policy. Therefore, the question before the Court is whether, when viewed in the light most favorable to Johnson's case, the evidence supports the conclusion that Hinds County's policy of considering "[a]ll subjects to be arrested . . . as potentially armed and dangerous" was the moving force behind a violation of Johnson's right to due process.

Based on the evidence to which Johnson refers the Court, that question is answerable only in the negative. Even if one assumes that Johnson suffered a constitutional tort, the affidavits and deposition excerpts submitted alongside the parties' briefs on this matter simply do not demonstrate that Hinds County's policies brought on the injury.

The only evidence directly on point arises out of a report of Hinds County Sheriff's Department chief deputy Steve Pickett, whom Hinds County designated as an expert witness. Pickett reported that

> [t]o the extent any deputy of the Hinds County Sheriff's Department made an arrest without probable cause or used force beyond that necessary to effectuate a lawful arrest of Shawn Johnson on December the 15th, 2006, such action would not have represented the custom, policy, or operating procedures of Hinds County, Mississippi. Rather, such action would have been contrary to the policies of the Hinds County Sheriff's Department.

Exhibit 1 to Hinds County's Designation of Experts [Docket No. 11-1] at 2.

If Johnson had pointed the Court to any evidence rebutting this conclusion, then a

genuine issue of material fact would exist, and Hinds County would not be entitled to summary judgment. But the Court is unable to find any proof that Burnett believed himself to be acting pursuant to Hinds County policy when he arrested Johnson or that Hinds County policy regarding arrests governed Burnett's conduct during off-duty hours. Absent such a link between Hinds County, as a policymaking institution, and the constitutional violation that Johnson alleges he suffered at Burnett's off-duty hands, no jury issue exists on the question of Hinds County's liability.

Fifth Circuit precedent on this issue illustrates the connection between policymaker and actor necessary to support a municipality's liability under Section 1983 but absent in the case at bar. In *Webster v. City of Houston*, 689 F.2d 1220 (5th Cir. 1982), *aff'd in part and rev'd in part en banc*, 739 F.2d 993 (5th Cir. 1984), the Court affirmed a jury's finding that the Houston Police Department operated under an unofficial but documented policy of instructing its officers to carry "throw down" weapons – that is, a weapon to be "thrown down" next to a gunned-down, unarmed suspect to support a ruse of self-defense. *Webster*, 689 F.2d at 1227. In that case, although police officers who shot and killed an unarmed, surrendering suspect were the proximate constitutional tortfeasors, the City of Houston's policy of condonation toward "throw down" weapons left the municipality directly responsible and, ultimately, liable under Section 1983.

Similarly, in *Duvall v. Dallas County, Texas*, 631 F.3d 203 (5th Cir. 2011), the Court affirmed the finding of municipal liability in a case where a county jail's policy of deliberate indifference toward the long-term presence of a penicillin-resistant staph infection directly led to a detainee's contraction thereof and subsequent injuries. *Id.* at 209-10.

7

But no such link has been shown in the instant case. Johnson has identified a specific policy and a potential constitutional violation, but he has offered no evidence connecting the two. And given that the "first inquiry in any case alleging municipal liability under § 1983 is the question whether there is a direct causal link between a municipal policy or custom and the alleged constitutional deprivation," *City of Canton, Ohio v. Harris*, 489 U.S. 378, 385 (1992), the negative answer demands that this Court allow Johnson's suit to proceed no farther.

For that reason, the Court is obligated to grant summary judgment to Hinds County.

SO ORDERED this Twenty-Third day of March 2011.

    /s/ *Carlton W. Reeves*
Hon. Carlton W. Reeves
United States District Court Judge